IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 3:09-cr-69-06 |
| | ) | |
| Tamara Heid, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |

A number of individuals were indicted on charges of conspiracy to possess and distribute methamphetamine and a second count of conspiracy to engage in money laundering. Three defendants, Tamara Heid, Derle Marchus and Jessie Marchus were named only in count two, the money laundering conspiracy court. These defendants were severed and trial scheduled later.

Tamara Heid entered a pleas of guilty to the charge.

Tamara Heid has moved to withdraw her guilty plea to conspiracy to engage in money laundering.

The plea was entered on the Friday before a trial scheduled to begin on the next Monday. The trial proceeded for the two remaining defendants and the jury returned a guilty verdict as to each.

The Court then granted the defendant's Rule 29 motions for judgment of acquittal, holding that the evidence was insufficient regarding the defendant's knowledge that the cash involved was the proceeds of illegal activity and expressing skepticism that the transaction fit the intent and definitions of the money laundering statute.

The facts, in summary, are that Donovan Slagg was charged in State Court with possession and delivery of methamphetamine. Bail was set at $50,000.00 cash. In recorded telephone calls from the Burleigh County jail, Mr. Slagg urged his mother, Tamara Heid, to somehow get him out of jail. These calls contain suggestions of possible sources, by implication at least of those owing money for previous drug transactions, and from a "safe" in the possession of Tamara Heid..

The funds were assembled, and a local bail bondsman, Derle Marchus, was asked to take the cash to the office of the Clerk of District Court and post it as the required bond for a fee of $1,000.00. Marchus is a licensed bail bondsman (insurance agent?) authorized to write surety bonds. He, accompanied by his son Jesse, met Tamara Heid and Tamara Heid's mother at the apartment of one of them, where cash was stacked everywhere, helped count it and then undertook to deliver the cash to the courthouse the following day. Marchus was told the funds were the life savings of Tamara Heid and of her mother.

When recounted by clerk's office employees, the total was found to be only $48,000.00. Tamara Heid was called (she being somewhere nearby in order to take her son home after the bond was posted) and the total of $50,000.00 somehow reached. Two documents were prepared. The first recites that the bond is posted by AAA bonding, Mr. Marchus's business, and assigned to Tamara Heid, thus authorizing the Clerk's office to deliver the funds back to Tamara Heid when the bond was exonerated.

The second document was the IRS form required for cash transactions in excess of $10,000.00 Neither Derle Marchus or Tamara Heid were willing to sign as the person furnishing the funds, in the mistaken belief that the signature would somehow automatically expose them to

income tax liability.  Jesse Marchus then indicated that his name could be listed as the source of the funds, stating that the only property he owned to put at risk was some music videos.

Donovan Slagg was released from jail—the State charges dismissed when the United States indicted Mr. Slagg and a number of others—and the $50,000 seized by the United States.

Tamara Heid filed a claim, under oath, to the $50,000.00 (or to a substantial portion of it) stating that it was her life savings.

The Government has filed a notice of appeal from the granting of the motions of acquittal.

Others who were convicted or pled guilty in the earlier trial are awaiting sentencing. Appeals from both sides are likely as the trial judge granted at least one motion for judgment of acquittal on the identical conspiracy to launder money charge.  Motions are pending for judgment of acquittal on the convictions for conspiracy to possess and distribute methamphetamine.

The change of plea hearing was somewhat bizarre.  Ms. Heid announced that she was suffering from a brain tumor and was taking medication to control the pain it created.  She appeared to be more upset than a typical defendant.  The plea was an open plea.  Her counsel did not raise any competency issues.  Medical records obtained after the change of plea hearing verified that Ms. Heid does have benign brain tumor which apparently does cause her some pain.

During the change of plea hearing, Ms. Heid stated that she kept track of her son's transactions, made the bank deposits, allocated spending money to him from the funds (apparently generated by drug dealing) and lamented that inasmuch as her son was 32 years old she should not have to be doing these things for him.  She does not dispute that she participated

in the collection of the cash from various sources, that in part at least it had to be proceeds of illegal activity, that she hired Derle Marchus to assist in posting the cash bond, that her intent in so doing was to get her son out of jail, and that the money would be returned to her when or if the bond was exonerated.

With that factual background, should the Court have accepted the guilty plea to conspiracy to commit money laundering?  Ms. Heid does not dispute the factual basis relied upon by the Government.  She entered into an agreement with others, to participate in the collection of funds derived, at least in part, from an illegal activity, with knowledge of this illegal source, with the intent to cause the funds to be deposited with the Clerk of District Court as a cash bond for her son.  Her admissions stop at this point, and the Government's position appears to be that this is sufficient, alleging that it is not necessary to show an intent to launder money, only to show an intent to post the cash as a bail bond.  The necessary corollary is that the posting of the bail bond is, by definition, a transaction designed to hide, obscure, etc. the illegal source of the money involved.

The motion to withdraw the guilty plea is denied.  The Court will accept the plea as a conditional plea, reserving to the defendant the right to appeal the question of whether or not the posting of a cash bail bond, under the factual pattern referred to above, does qualify as a prohibited transaction.  The government has already filed an appeal in the Marchus case.  The matter can be before the Circuit Court for resolution in the relatively near future, although it is possible that a resolution of the issues in the Marchus appeal may not reach the ultimate issue in Heid.

The Court further notes that it neglected, at the change of plea hearing, to resolve the

pending issue in the forfeiture case as Ms. Heid did file a claim for at least a portion of the $50,000.00.  A hearing on the forfeiture is will be scheduled for June 28, 2010, at 1:30 p.m. in Bismarck at which time testimony will be taken regarding the merits of Ms. Heid's claim, unless the parties can resolve this issue by stipulation.

Sentencing will be rescheduled for September 2, 2010, at 1:30 p.m. in Bismarck.

**IT IS SO ORDERED.**

Dated this 9th day of June, 2010.

/s/ *Patrick A. Conmy*
Patrick A. Conmy, Senior District Judge
United States District Court